An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored but may be permitted in accordance with the provisions of Rule 30(e)(3) of the *North Carolina Rules of Appellate Procedure*.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA26-93

Filed 5 August 2026

Beaufort County, No. 24JA001056-060

IN THE MATTER OF:

J.J.

Minor Child.

Appeal by respondent from order entered 1 October 2025 by Judge Jonathan E. Jones in Beaufort County District Court. Heard in the Court of Appeals 12 July 2026.

> *J. Edward Yeager, Jr. for petitioner appellee Beaufort County Department of Social Services.*
>
> *Garron T. Michael for respondent-appellant mother.*
>
> *Michelle F. Lynch for guardian ad litem.*

PER CURIAM.

This Court granted minor child's mother's ("Mother") petition for a writ of certiorari to review the trial court's adjudication and disposition orders terminating her parental rights pursuant to N.C.G.S. 7B-1111(a), (6). For the reasons stated herein, we affirm the trial court's termination of Mother's parental rights.

Beaufort County Department of Social Services ("DSS") filed a petition when

J.J. was three weeks old alleging he was neglected and dependent because he was not gaining weight, was being left unattended, and because Mother had mental health issues and had been declared incompetent. Shortly after DSS filed the petition, J.J. went to live with his paternal great grandmother.

On 29 January 2025, the trial court adjudicated J.J. dependent and neglected. Six months later, in June 2025, J.J.'s father relinquished his parental rights.

On 1 October 2025, after a hearing on the matter, the trial court entered an order terminating Mother's parental rights. Mother appeals.

ANALYSIS

Mother argues the trial court erred in terminating her parental rights based on its adjudication of J.J. as neglected and dependent. Only one ground is required to terminate a parent's parental rights pursuant to N.C.G.S. 7B-1111(a). *In re J.S.*, 374 N.C. 811, 815 (2020) (citations omitted). For the reasons below and because we conclude the trial court did not err by terminating Mother's parental rights based on neglect, we affirm the trial court's order.

A trial court may terminate parental rights if it concludes the child is neglected within the meaning of N.C.G.S. §§ 7B-101; 7B-1111(a)(1). *See* N.C.G.S. § 7B-1111(a) (2025). A neglected child is one "whose parent . . . [d]oes not provide proper care, supervision, or discipline . . . [or c]reates or allows to be created a living environment that is injurious to the child's welfare." N.C.G.S. § 7B-101(15) (2025). When a child has not been in the parent's care a child may be adjudicated neglected by showing

- 2 -

past neglect *and probability of future neglect* based on the parent's fitness at the termination hearing. *In re L.O.K.*, 174 N.C. App. 426, 435 (2005). A prior neglect adjudication supports a history of neglect. *In re M.Y.P.*, 378 N.C. 667, 676 (2021). A "determinative factor[ ]" is the parent's fitness during the termination hearing. *In re Ballard*, 311 N.C. 708, 715 (1984).

Here, Mother does not challenge the trial court's finding that J.J. had suffered neglect. Rather, she challenges the finding that there is a likelihood of future neglect.

Mother does not challenge relevant findings of fact 24, 25, 27, or 29. These findings essentially state that Mother is a ward of the State; Mother has been declared incompetent; Mother has left J.J. unattended on numerous occasions; Mother does not know how to care for the child; Mother has been diagnosed with various mental health and behavioral disorders; Mother is unable to care for the child; Mother does not have anyone suitable to assist her in caring for the child; it is improbable that Mother can care for the child absent assistance from another person; Mother's testimony about her current situation, capability, and case plan progress is not credible; Mother has cussed out the social worker; Mother has threatened the paternal great grandmother currently caring for J.J.; Mother has been arrested for two breaking and entering's since the child has left Mother's care; and Mother acknowledges domestic violence incidents between her and J.J's father in jailhouse calls but nonetheless indicates her willingness to have another child with J.J.'s father (these calls occurred three months prior to the termination hearing which Mother

presently appeals).

Taken together, these unchallenged findings support the trial court's determination that Mother is unfit to care for J.J. and the child will be subject to a high likelihood of future neglect if returned to Mother's care.[1] *See In re S.C.L.R.*, 378 N.C. 484, 487 (2021) ("Unchallenged findings are deemed to be supported by evidence and are binding on appeal.") (citation omitted).

Based on these findings and others supported by the evidence, the trial court concluded it was in J.J.'s best interests for Mother's parental rights to be terminated. The trial court did not abuse its discretion in coming to this determination based on the evidence before it. Because only one ground is required under N.C.G.S. 7B-1111 to terminate parental rights, the disposition order terminating Mother's parental rights is affirmed.

AFFIRMED.

Panel consisting of Chief Judge DILLON and Judges STADING and FREEMAN.

Report per Rule 30(e).

---

[1] Mother seems to inadvertently admit to a likelihood of future neglect stating in her brief: "When the trial court was tasked with determining the future of Mother's parental rights, *there existed nothing more than a risk of neglect based on mere risk of future harm*." (emphasis added).